ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| **MÓNICA HERNÁNDEZ MORALES**<br><br>Recurrente<br><br>v.<br><br>**FEDERICO RODRÍGUEZ TORRES**<br><br>Recurrido | KLRA202400134 | **REVISIÓN** procedente del Departamento de Asuntos del Consumidor<br><br>Caso Núm: SAN-2020-0007944 |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

Cintrón Cintrón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 10 de mayo de 2024.

Comparece ante este Tribunal de Apelaciones, la señora Mónica Hernández Morales (señora Hernández Morales o recurrente) y nos solicita la revisión de la *Resolución* emitida el 12 de enero de 2024 y notificada el 17 de enero de 2024, por el Departamento de Asuntos del Consumidor (DACo). Mediante dicha determinación, el DACo declaró *No Ha Lugar* la querella presentada por la recurrente contra el señor Federico Rodríguez Torres (señor Rodríguez Torres o recurrido).

Por los fundamentos que expondremos a continuación, desestimamos el recurso de referencia por falta de jurisdicción.

## I.

Según surge del expediente, el 30 de diciembre de 2020, la señora Hernández Morales presentó ante el DACo la Querella Núm. SAN-2020-0007944 en contra del señor Rodríguez Torres. En síntesis, alegó que el señor Rodríguez Torres incurrió en actos o prácticas proscritas por la Ley Núm. 10-1994, según enmendada,

conocida como "Ley para Reglamentar el Negocio de Bienes Raíces y la Profesión de Corredor, Vendedor o Empresa de Bienes Raíces en Puerto Rico", 20 LPRA sec. 3025 *et seq.* (Ley Núm. 10-1994). Lo anterior, al llevar a cabo una transacción de bienes raíces relacionada con un bien inmueble ubicado en la urbanización Los Faroles en el municipio de Bayamón.

El 19 de enero de 2021, el señor Rodríguez Torres presentó *Moción de Desestimación,* en la que solicitó la desestimación de la querella presentada en su contra bajo la Regla 10 del Reglamento de Procedimientos Adjudicativos del DACo, Reglamento Núm. 8034 de 14 de junio de 2011, por entender que esta dejaba de exponer una reclamación que justifique la concesión de un remedio. Argumentó que, de la relación de hechos expuesta en la querella y del contrato suscrito entre las partes, surge que él no actuó como corredor de bienes raíces durante la referida transacción, sino como propietario del bien inmueble, por lo que no le aplicaban las disposiciones de la Ley Núm. 10-1994 y, en consecuencia, la controversia no era un asunto bajo la jurisdicción del DACo.

Tras varios trámites, los cuales incluyen, entre otras cosas, la presentación del recurso apelativo KLRA202200665 ante este Foro, el 17 de abril de 2023 emitimos un pronunciamiento mediante el cual dejamos sin efecto la *Resolución* allí impugnada y devolvimos el caso a la agencia para que formulara determinaciones de hechos y conclusiones de derecho. Lo anterior, circunscribiéndose a toda la prueba documental y testifical que estuvo ante su consideración de manera compatible con nuestros dictámenes.

Así las cosas, el 12 de enero de 2024, el DACo emitió la *Resolución* objetada. Mediante su determinación, la agencia declaró *No Ha Lugar* la querella presentada por la señora Hernández Morales. El DACo determinó que el contrato de opción de compraventa entre las partes venció y la señora Hernández Morales

no adquirió la propiedad. Añadió que esta última no cumplió con el mencionado acuerdo, por lo que no procedía la devolución del pronto pago. En lo pertinente, la *Resolución* concernida fue notificada el 17 de enero de 2024 a la señora Hernández Morales y los respectivos representantes legales de las partes. **En específico, se le notificó al señor Rodríguez Torres a la siguiente dirección: Urb. Los Faroles, 20 Paseo Las Galerías, Bayamón, PR 00956**.

En desacuerdo, la señora Hernández Morales solicitó reconsideración al DACo y reiteró su solicitud de que el señor Rodríguez Torres le devolviera los $7,000.00, más los gastos incurridos en la retasación y honorarios de abogados. **En dicho escrito, esta certificó que remitió copia de la reconsideración al señor Rodríguez Torres a la siguiente dirección: Cond. Caminos Verdes, 6501 Carr. 844, Apt. 601, San Juan, PR 00926.**

En atención a lo anterior, el 20 de febrero de 2024, el DACo dictó una *Resolución en Reconsideración,* por medio de la cual declaró *No Ha Lugar* la solicitud de reconsideración y mantuvo en pleno vigor la *Resolución* emitida el 12 de enero de 2024. La dirección a la cual fue notificado el señor Rodríguez Torres fue la siguiente: **Urb. Los Faroles, 20 Paseo Las Galerías, Bayamón, PR 00956**.

Aun insatisfecha, el 15 de marzo de 2024, la señora Hernández Morales acudió ante este Tribunal de Apelaciones y alega que el DACo cometió los siguientes errores:

> Erró el Departamento de Asuntos del Consumidor, al desestimar y declarar no ha lugar la Querella SAN-2020-0007944, cuando al tomar jurisdicción de la controversia no aplicó las disposiciones de la Ley 10 de abril de 1994, según enmendad[a].

> Erró el Departamento de Asuntos del Consumidor, al omitir hechos en las Determinaciones de Hechos sobre la conducta del querellado-recurrido durante el trámite de negociación de la venta de la propiedad, así como determinar que no procede el reembolso del depósito de opción por las partes haber firmado uno de los contratos, omitiendo el incumplimiento del querellado a

las cláusulas del mismo y haber justa causa para no finalizar la transacción.

Erró el Departamento de Asuntos del Consumidor, al no aplicar disposiciones de la Ley 10 de 1994, según enmendada a los actos y/o prácticas proscritas por parte del querellado.

El 18 de abril de 2024, el señor Rodríguez Torres instó su *Alegato en Oposición a Recurso de la Recurrente* y una *Moción Juramentada*. En la moción, adujo que la señora Hernández Morales nunca le notificó la solicitud de reconsideración interpuesta ante el DACo. Añadió que advino en conocimiento de esta al recibir la notificación de la resolución de la agencia. Destacó que no realizó trámite ante el DACo porque se denegó el petitorio de la señora Hernández Morales. A tenor con lo anterior, solicitó que le ordenáramos a la señora Hernández Morales acreditar la notificación de la reconsideración presentada ante la agencia para establecer si el término aplicable efectivamente se paralizó.

La señora Hernández Morales replicó a la aludida *Moción Juramentada* y explicó que la correspondencia que contenía copia de la solicitud de reconsideración fue recibida devuelta por tener la dirección insuficiente. Precisó que la dirección a la cual se envió fue a la misma que el señor Rodríguez Torres incluyó en su alegato en oposición presentado ante este Tribunal. Arguyó que cumplió con notificar al señor Rodríguez Torres e incluso a su pasada representante legal, por lo que entiende que no se le violentó el debido proceso de ley.

Con la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

La Sección 3.15 de la Ley Núm. 38-2017, conocida como *Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico*, 3 LPRA sec. 9655 (LPAU), regula la moción de reconsideración

en el ámbito administrativo. En lo pertinente, esta expone que la parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden.

En *Febles v. Romar*, 159 DPR 714 (2003), el Tribunal Supremo de Puerto Rico determinó que la norma establecida en *Lagares v. E.L.A.*, 144 DPR 601, 617–618 (1997), en cuanto a que el término para notificar una moción de reconsideración a las demás partes es de cumplimiento estricto y que ésta debe notificarse dentro del término que establece la Sec. 3.15 de la LPAU, *supra*, para presentar la reconsideración, es compatible con el procedimiento administrativo. Así, extendió la aplicación de esta norma a la reconsideración administrativa de la Sec. 3.15 de la LPAU, *supra.*

Asimismo, el Reglamento 8034 de *Procedimientos Adjudicativos del Departamento de Asuntos del Consumidor*, Núm. 8034 del 14 de junio de 2011 (Reglamento de DACo), en la Regla 7.1 (b) establece lo siguiente:

> Deberán incluirse las direcciones físicas, postales, correo electrónico, número de teléfonos y tele-copiador de todas las partes en la querella, así como cualquier otra información que los identifique y pueda corroborar su identidad. **Entiéndase que esa dirección que obre en el expediente será la dirección para recibir notificaciones, entendiéndose que cumple con la notificación establecida en el ordenamiento jurídico**. (Énfasis nuestro).

## B.

Por otra parte, la jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. Por ello, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Metro Senior v. AFV*, 209 DPR 203 (2022); *Allied Management Group, Inc. v. Oriental Bank*, 204 DPR 374, 385-386 (2020)*; Beltrán Cintrón v. Estado Libre Asociado de Puerto Rico*, 204 DPR 89, 109 (2020). En ese sentido,

los tribunales deben ser celosos guardianes de su jurisdicción y no pueden asumirla donde no la tienen. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007). Por consiguiente, los asuntos relacionados a la jurisdicción de un tribunal son privilegiados y deben atenderse con primacía. *Íd.*

Un tribunal carece de jurisdicción para adjudicar una controversia cuando se presenta un recurso de forma tardía. *Yumac Home v. Empresas Masso,* 194 DPR 96, 107 (2015). Un recurso tardío priva de jurisdicción al tribunal al cual se recurre e igualmente priva a la parte de presentarlo nuevamente, ante ese mismo foro, o ante cualquier otro. *Íd.*; *Torres Martínez v. Ghigliotty,* 175 DPR 83 (2008). En armonía con lo anterior, la Regla 83(B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA XXII-B, R. 83 (B)(1) y (C), nos faculta, por iniciativa propia o a la solicitud de parte, a desestimar un recurso cuando carecemos de jurisdicción para atenderlo.

Por su parte, la Sec. 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, autoriza que se solicite la revisión judicial de decisiones administrativas. En esta Ley se establece el término jurisdiccional que tiene una parte afectada para instar un recurso de esta índole:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la sec. 9655 de este título, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.

**III.**

En el caso presentado ante nuestra consideración, atenderemos en primer orden el asunto jurisdiccional planteado por el recurrido. Ello, relacionado a la notificación defectuosa de la

solicitud de reconsideración presentada ante el DACo por la recurrente.

Según expuesto, y en lo referente al recurrido, la *Resolución* del caso de epígrafe fue notificada por la agencia administrativa el 17 de enero de 2024 a la dirección Urb. Los Faroles, 20 Paseo Las Galerías, Bayamón, PR 00956. Sin embargo, surge del expediente que, el 5 de febrero de 2024, la recurrente presentó una solicitud de reconsideración ante el DACo, pero la notificó al recurrido a una dirección distinta, entiéndase: Cond. Caminos Verdes, 6501 Carr. 844, Apt. 601, San Juan, PR 00926. La recurrente acepta que dicha correspondencia fue devuelta por el correo postal con un mensaje de "*return to sender, insufficient address*".

Lo anterior nos lleva a concluir que la solicitud de reconsideración no le fue notificada adecuadamente al recurrido dentro del término de 20 días de cumplimiento estricto aplicable. Hemos examinado el expediente y de este no se desprende razón alguna que justifique dicha acción. En su *Moción en Cumplimiento de Resolución* presentada ante este Foro, la recurrente no acreditó justa causa con explicaciones concretas y particulares, tal y como lo requiere nuestro ordenamiento jurídico. A tales efectos, recordemos que las vaguedades y las excusas o los planteamientos estereotipados no cumplen con el requisito de justa causa. *Febles v. Romar*, supra, pág. 720. Es claro que la falta de notificación de la aludida moción de reconsideración privó al recurrido de expresarse, en caso de que este interesara hacerlo.

Por consiguiente, la presentación de la solicitud de reconsideración incoada por la recurrente no interrumpió el término jurisdiccional de 30 días que ostentaba para acudir ante este Tribunal de Apelaciones. El término para acudir en recurso de revisión judicial comenzó a transcurrir desde el 17 de enero de 2024, fecha en que se notificó la *Resolución* original. Por tanto, la

recurrente contaba hasta el 16 de febrero de 2024 para instar su recurso de revisión judicial. Al esta presentarlo el 15 de marzo de 2024, evidentemente lo hizo de forma tardía y ello nos priva de jurisdicción para atenderlo en sus méritos.

Frente a lo enunciado, carecemos de autoridad para poder intervenir y adjudicar la causa de epígrafe. Ello nos obliga a desestimar la acción ante nuestra consideración, por constituir el único proceder adecuado, toda vez que la falta de jurisdicción no puede ser subsanada ni el tribunal puede atribuírsela cuando no la hay. *González v. Mayagüez Resort & Casino,* 176 DPR 848, 855 (2009). Véase, además, Regla 83 del Reglamento del Tribunal de Apelaciones, *supra.*

**IV.**

Por los fundamentos antes expuestos, desestimamos el recurso de revisión judicial presentado por la señora Hernández Morales por falta de jurisdicción, por tardío.

Lo acordó este Tribunal y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones